Bertram B. G-elfaxd, S.
This is an application by an infant seeking the issuance to her brother of limited letters of guardianship of her person for the purpose of the guardian consenting to the marriage of the infant petitioner.
Petitioner was born November 4,1957, making her 16 years of age at this timé. She is a citizen of Yugoslavia who has been in the United States for approximately two years. Her present status is classified as a conditional entrant under section 203 (subd. [a], par. [7]) of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1153, subd. [a], par. [7]). The proposed guardian is 30 years of age. The court directed a hearing on the matter on its own motion. Testimony was taken in the Yugoslav language through an interpreter. Based on the testimony adduced at the hearing, the purpose of the application is to facilitate the marriage of the infant to a young man presently 15 years of age. The young man is a national of Albania presently in the United States. His present immigration status was not clearly established by the testimony.
The petitioner testified that at the time of the hearing on March 5,1974 she had known her proposed groom for one month and had been alone with him on two or three occasions. The length of this acquaintanceship was confirmed by the testimony of the prospective groom and the evidence adduced from other witnesses. The original petition in this matter was filed in this court on February 13, 1974. An amended petition was filed on February 20. It is significant that at the time of the filing of the original petition, according to the testimony, the proposed bride and groom knew each other for only approximately one week.
In a strict sense, it may be argued that the only question before the court is whether the brother of petitioner, as her closest relative, should be her appointed guardian and upon his appointment it is the responsibility of the guardian and not of the court to determine whether the infant should be allowed to marry. Such a stringent construction of the court’s responsibility would place form ahead of substance. It is clear from the brother’s testimony, as well as the testimony of the other witnesses, that if the court issues letters of guardianship petitioner will promptly become the bride of her newly-found 15-year-old fiance. The issue which is in fact before the court is whether the judicial process should be éxercised to facilitate, this proposed marriage at this time.
*661 For the court to issue letters of guardianship it must “be satisfied that the interests of the infant will be promoted (SOPA 1707, subd. ¡1.) This court stands in the position of being in loco parentis, charged with a parent’s rights, duties and responsibilities. Due consideration has been given to the ■mores of the nation of origin of the parties, where the witnesses state marriages at such tender age and among people of short acquaintance are not unusual. Consideration has also been given to the fact that the proposed bridegroom is employed and both the infant and her proposed bridegroom. appear to be serious individuals of maturity for their relatively tender years.
The posture of being a restraining influence on Cupid is not easily embraced. In a too frequently harsh world love, albeit very young love, should not be lightly stymied. Nevertheless, marriage is a serious and hopefully permanent institution. It should not be entered, and 'certainly not judicially sanctioned, except based upon careful and mature consideration. Regardless of the mores of the national origin of the petitioners, they indicate an intent to remain permanent residents of the United States and the welfare of the infant must be weighed in relation to the society of this jurisdiction. The fact that infant females below the age of 18 cannot get married without the consent of a guardian (Domestic Relations Daw, § 15, subd. 2) establishes that the public policy of this ¡State views marriages of females of tender years as requiring a judgment more mature than that of the prospective bride. This court is not satisfied that the best interests of the infant will be promoted by her marriage at 16 years of age to !an even younger man with whom she has had an extremely short and very limited acquaintance. It is not sufficient that the marriage is deemed advisable by the parents of the prospective groom and the brothers of the prospective bride. Judicial sanction of a marriage of parties of such tender years should be limited to the most pressing circumstances. No such circumstance is present in this case.
Accordingly, since the .sole purpose of the application for letters iof guardianship is to consent to the marriage of the infant petitioner and since the court does not believe this would be in the best interests of ithe infant at this time, the application for limited letters of guardianship of the person of the infant petitioner is denied without prejudice to being renewed upon the infant attaining her 17th birthday.