OPINION OF THE COURT
Bertram R Gelfand, S.
This is a proceeding for the appointment of a guardian of the person to facilitate the enrollment of the infant Nixa C. in school, to see to her medical needs and to allow the infant to be added to the petitioner’s public assistance budget.
Petitioner, who is represented by counsel upon this applica *772 tion, is not related to the infant. The infant was born June 23, 1972 in Bronx County. The petition names the infant’s father and mother and indicates that their addresses are unknown. Although the infant’s birth certificate gives an address for the mother, no other information is supplied as to her or any effort to locate her at this time. An affidavit submitted by the petitioner in support of the petition alleges that petitioner is 47 years old, has resided in New York State for approximately one year, and that her household consists of herself, her 23-year-old daughter, and the infant. Petitioner and her daughter support themselves by public assistance.
The affidavit sets forth an account of how it came about that the infant is in the petitioner’s household. It is alleged that the father of the infant, although not related to the petitioner, was raised by petitioner since he was two months old. This came about as a result of said father’s mother being "an acquaintance” of petitioner who asked her to raise the father, and petitioner did so. It is alleged that when the infant in this matter was two or three months old the father came to the petitioner’s home in Puerto Rico and asked her to care for the infant since he and the mother could not. No information is supplied as to the infant’s mother who was never known to the petitioner. The papers do not indicate any further contact between the infant and her father after he initially left her with petitioner. Petitioner states that she last saw the father "two years ago when I accidentally met him on a street in Junco, Puerto Rico”. The meeting was casual and the father did not say where he resided. There is no indication the father even inquired as to the infant’s welfare.
Based upon the facts submitted it must be concluded that the infant is "an abandoned child” within the definition of this status contained in subdivision 2 of section 371 of the Social Services Law. The only parties who can possibly be charged with her lawful custody are her parents. It does not appear that there has been any contact between her mother and this five- and one-half-year-old infant since the infant was approximately three months old. The record indicates that since the father deposited this child with petitioner that he has not exhibited the slightest interest whatsoever in her welfare, well-being or support. It is doubtful if any state of facts could present a clearer indication on the part of both of this infant’s parents of "a settled purpose to be rid of all parental obligations and to forego all parental rights”. (Matter *773 of Susan W. v Talbot G., 34 NY2d 76, 80, citing Matter of Maxwell, 4 NY2d 429, 433; see, also, Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196; People ex rel. Scarpetta v Spence-Chapin Adoption Serv., 28 NY2d 185, cert den 404 US 805; People ex rel. Anonymous v Anonymous, 10 NY2d 332; Matter of Bistany, 239 NY 19; cf. Matter of Catherine G., 79 Misc 2d 731.)
Petitioner, who is not related to this infant and whose acquaintanceship with the infant’s paternal family is hazy at best, is not a person lawfully charged with the care and custody of the infant (Social Services Law, § 101; Domestic Relations Law, § 32; Family Ct Act, §§ 413-415). Children are human beings and not chattels. Rights with reference to them cannot arise by gift or by dint of possession alone. Rights and responsibilities with reference to children are coextensive. It is the understandable public policy of this State that the State assume a posture of in loco parentis to all infants in order to protect their welfare. Individuals have a status with reference to children only by dint of blood, judicial determination under the procedures fixed by law for imposing parental responsibility upon other than an infant’s natural parents, or foster care under the procedures fixed by statute. The welfare of children does not permit the acquisition of status by a party merely because this is the person with whom a totally disinterested parent chose to abandon the infant. Proper protection of children requires a sensitivity to the distinction between a child being placed in the care of someone by an interested parent who continues to retain and exercise parental interest and responsibilities and the abandonment of said child by a parent for the purpose of divesting themselves of any parental interests or responsibility. It is the presence of the latter that is indicated in this matter with poignant clarity.
It being concluded that the infant subject of the application is an abandoned child, the question is presented as to whether the granting of letters of guardianship pursuant to the Surrogate’s Court Procedure Act is an appropriate alternative to the infant being placed under the jurisdiction of the Commissioner of Social Services pursuant to the requirements of the Social Services Law. SCPA 1702 states that this court "may” appoint a guardian where the infant has been in Bronx County immediately preceding the application. The scope of the court’s discretion to issue letter of guardianship is clearly limited to those situations in which the court is "satisfied” *774 that the interests of the infant will be protected by the appointment of a guardian (SCPA 1707, subd 1; Matter of Stuart, 280 NY 245, 250; Matter of Rugovac, 77 Misc 2d 659; Matter of Morgan, 70 Misc 2d 1063, 1065).
Subdivision 2 of section 398 of the Social Services Law specifically imposes upon the Commissioner of Social Services (see L 1967, ch 728, § 5) the duty to assume jurisdiction over an abandoned child and the responsibility for the infant’s care and custody. This duty clearly extends beyond just adding the child to a stranger’s public assistance budget. It is the obvious public policy of the State that only by such supervision can the welfare of the child be protected on an on-going basis. The need for special procedures with reference to abandoned children is apparent. These children are defenseless. They cannot institute legal proceedings on their own behalf. They cannot pragmatically relay their plight to agencies, public or private, concerned with their welfare. These children are divested of the basic protection which flows from the normal love of those with whom they are related by blood or marriage.
It must be concluded that it was never the intention of the Legislature that the provisions for the granting of letters of guardianship pursuant to SCPA article 17 was ever intended with reference to an abandoned child as an alternative to said child being placed under the jurisdiction of the Commissioner of Social Services. Any one time investigation which this court could direct including the most complete hearing, would not be an appropriate device for insuring that this infant’s best interests can be served by conferring on petitioner the legal status of guardian with reference to the infant. The proper social services authorities might well conclude after a proper investigation that foster care by petitioner is appropriate for this infant. However, within the context of this application, it is impossible to conclude with the requisite necessary certainty that the best interests of the child would be served by the granting of this application. The initialing of an order granting letters of guardianship in the instant case as an alternative to on-going appropriate supervision of the infant as provided in the Social Services Law, would constitute a cavalier shoveling under the rug of the welfare of a defenseless infant of tender years who has been abandoned by her parents in a complex world. Accordingly, as a matter of law and in the exercise of discretion, the application is denied. A copy of this decision and the petition and supporting papers *775 submitted, on the application shall be forwarded to the Commissioner of Social Services of the City of New York for such action as she deems appropriate in the exercise of her jurisdiction.