OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application by an infant for limited letters of guardianship of the person to issue to her sister, for the sole purpose of granting the guardian the authority to consent to the infant petitioner’s marriage (see Domestic Relations Law, § 15, subd 2). The infant petitioner, who is 15 years of age, was born on October 23, 1965. Her mother is deceased, and the whereabouts of her father have been unknown since 1973. The infant has been residing with the proposed guardian since 1973.
A necessary prerequisite to the issuance by the city clerk of a license for the marriage of a minor woman who is over the age of 14 is the consent of the parents, or if deceased or their whereabouts are unknown, of the minor’s guardian (Domestic Relations Law, § 15, subd 2). However, when a woman is under the age of 16 years, there is additionally required the written approval and consent of a Justice of the Supreme Court or a Judge of the Family Court. Subdivision 3 of section 15 of the Domestic Relations Law specifically requires that in the case of a woman under the age of 16 years, a Supreme Court Justice or Family Court Judge prior to giving his consent shall hear the application in chambers. Implicit in this provision is the necessity for a hearing in either the Supreme Court or Family Court.
*502 Both the Surrogate’s Court and the Family Court have concurrent jurisdiction to issue letters of guardianship of the person of a minor (SCPA art 17; Family Ct Act, § 661). Underlying all applications for letters of guardianship are the best interests of the infant (SCPA 1707). Upon an application for letters of guardianship for the purpose of consenting to an infant’s marriage who is over the age of 16, the Surrogate can hear and decide all issues with finality in determining whether the letters of guardianship should issue to the proposed guardian (see Matter of Rugovac, 77 Misc 2d 659). When the woman is under 16 years of age, even if the Surrogate issues the letters, a judicial hearing on virtually the same issues is still required in the Supreme Court or Family Court (Domestic Relations Law, § 15, subd 3).
Whatever the rationale may be for this statutory dichotomy, on its face, it clearly precludes the Surrogate’s Court, which is a court of limited jurisdiction (NY Const, art VI, § 12; SCPA 201) from granting the total underlying relief sought which is the approval of the infant’s marriage. In the instant matter, although the Surrogate’s Court can grant only partial relief, the Supreme Court or Family Court can hear the entire matter in a single proceeding. Under these circumstances, discretion dictates that neither the parties nor the court system be burdened with presentation of essentially identical proof twice by bifurcating petitioner’s quest for judicial consent of her marriage into two applications, one for letters of guardianship in the Surrogate’s Court and another for approval of the marriage license in the Supreme Court or Family Court. Under the existing statutory scheme, applications for letters of guardianship to facilitate the marriage of a woman between the ages of 14 and 16 years of age should most appropriately be instituted in the Family Court. Accordingly, the petition is dismissed without prejudice to the same or similar relief being sought in any court of appropriate jurisdiction which has the authority in a single proceeding to grant the totality of the relief sought, to wit, the issuance of letters of guardianship and approval of the issuance of a license requisite to the infant entering the bonds of matrimony despite her tender years.